Frank A. McNamee, Appellant, *v.* Joseph A. Zimmett, Respondent.

Third Department, July 7, 1921.

**Insurance — life insurance — action to recover premiums — defense that policies were returned to be canceled — evidence of agreement by soliciting agent to cancel policies inadmissible — letter by defendant showing that he had policies in his possession after he claimed to have surrendered them admissible.**

In an action by a district manager of a life insurance company to recover the premiums on policies of life insurance which he had paid to the company on defendant's policy, it was error to permit the defendant to introduce evidence that he had surrendered the policies to the soliciting agent who agreed to return them to the company and cancel them, over the objection of the plaintiff that no authority was shown in the soliciting agent to make the agreement.

It was error also to exclude from evidence a letter, written by the defendant after he claimed to have surrendered the policies, in which he returned one of the policies to the company and asked to have it canceled, since it tended to show that he did not surrender the policies to the soliciting agent as he claimed.

Appeal by the plaintiff, Frank A. McNamee, from a judgment of the County Court of the county of Rensselaer in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 16th day of September, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of January, 1921, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*George E. O'Connor* [*Thomas O'Connor* with him on the brief], for the appellant.

*John W. Roddy*, for the respondent.

John M. Kellogg, P. J.:

The action was brought to recover premiums on policies of life insurance which the plaintiff, the district manager of the company, had paid to the company, the policies having

been delivered upon the payment of $150 cash, the remainder to be paid in three quarterly payments thereafter.

The defendant admitted the execution of the policies and the agreement to pay the premiums, but claimed that in September, about a month after the policies were delivered, he surrendered them to the soliciting agent who agreed to return them to the company and cancel them. This evidence was received over the objection of the plaintiff that no authority in the soliciting agent was shown to make such agreement, and exception was duly taken.

The plaintiff offered in evidence an undated letter, which seems to have been written by defendant in January after the policies were issued, returning one of the policies to the company and asking to have it canceled upon the ground that he was not able to make the payments, but saying that he would continue the other policy. This letter was excluded and the plaintiff excepted. It was material as showing that after the defendant claimed he had surrendered the policies to the agent, he returned one of them to the company and asked to be relieved from it, stating that he would continue the other. These rulings call for a reversal of the judgment.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.